**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

DEC 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALDIAN DIAZ URBAN, AKA Aldain Diaz Urban, AKA Adan Diaz Urbina, | No. 17-73336 |
| Petitioner, | Agency No. A205-720-464 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019**

Before: WALLACE, CANBY, and TASHIMA, Circuit Judges.

Aldian Diaz Urban, a native and citizen of Honduras, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention against torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

The record does not compel the conclusion that Diaz Urban established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 208.4(a)(4)-(5). Thus, Diaz Urban's asylum claim fails.

In his opening brief, Diaz Urban fails to challenge the BIA's finding that he is ineligible for humanitarian asylum. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

Substantial evidence supports the agency's determination that Diaz Urban failed to establish that the harm from gangs that he experienced or fears in Honduras was or will be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (finding a political opinion claim failed where petitioner did not present sufficient evidence of political or ideological opposition to the gang's

17-73336

ideals).

As to Diaz Urban's claim based on past harm by his neighbor, substantial evidence supports the agency's determination that Diaz Urban failed to establish that the government of Honduras was unable or unwilling to control the perpetrator. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (discussing petitioner's burden to establish that the government was unwilling or unable to control the persecution feared and finding the record did not compel that conclusion). Substantial evidence also supports the agency's conclusion that Diaz Urban failed to establish a clear probability of future persecution by his neighbor. *See Tamang v. Holder*, 598 F.3d 1083, 1094-95 (9th Cir. 2010) (fear of future persecution was not objectively reasonable).

Thus, Diaz Urban's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Diaz Urban failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (generalized evidence of violence and crime was not particular to the petitioner and insufficient to establish eligibility for CAT relief).

**PETITION FOR REVIEW DENIED.**

17-73336